801 So.2d 578 (2001)
STATE of Louisiana
v.
Jamie J. FREEMAN.
No. 01-997.
Court of Appeal of Louisiana, Third Circuit.
December 12, 2001.
*579 Earl Taylor, Opelousas, LA, Attorney for the Appellee, State of Louisiana.
Paula C. Marx, Lafayette, LA, Attorney for Defendant/Appellant, Jamie J. Freeman.
William Tracy Barstow, Opelousas, LA, Trial Attorney for Defendant/Appellant, Jamie J. Freeman.
Court composed of NED E. DOUCET, Jr., Chief Judge, JIMMIE C. PETERS and MARC T. AMY, Judges.
DOUCET, Chief Judge.
The Defendant, Jamie J. Freeman, appeals his conviction for aggravated battery. He contends that the evidence presented at trial was insufficient to support a conviction of aggravated battery.
*580 Shantelle Williams was involved in a fight around 2:00 a.m. on October 23, 1999, at the Jazzco Lounge in Eunice. Shantelle Williams and Romekia Freeman have had a turbulent history, including at least one prior physical fight. Arlene Payne testified that, on this evening, she warned Shantelle that Romekia Freeman had filled her purse with bottles. Williams testified that at closing time she approached Romekia Freeman to suggest an end to their ongoing feud. Williams testified that Romekia Freeman said she did not want to fight. However, when Shantelle Williams turned to walk away, Romekia Freeman struck her in the back of the head with a Heineken beer bottle.
Shantelle Williams stated that, as she turned to face Freeman, she was immediately struck above her right eye with the broken bottle. While attempting to defend herself, Williams stated she was struck and then physically restrained by a male cousin of Romekia Freeman, Jamie Freeman, who held her shirt. Shantelle Williams claims she received several serious cuts while the Defendant, Jamie Freeman, held her and encouraged the actions of Romekia Freeman. Williams stated that she fell to the ground where she was kicked, stomped on and beaten. Williams testified that she eventually lost consciousness. She was subsequently transported by ambulance to the hospital.
On March 27, 2000, the Defendant, Jamie Freeman, was charged by bill of information with one count of aggravated second degree battery, a violation of La.R.S. 14:34.7. On May 5, 2000, he entered a plea of not guilty. On January 18, 2001, a six-person jury unanimously found him guilty of the responsive verdict of aggravated battery. On April 6, 2001, the trial judge sentenced Jamie Freeman to two years at hard labor and ordered him to make restitution in the amount of $175.50. The Defendant appeals assigning one error pertaining to his conviction and sentencing for aggravated battery.

SUFFICIENCY OF THE EVIDENCE
In his only assignment of error, the Defendant asserts that the evidence presented at trial was not sufficient to support a guilty verdict of aggravated battery. He argues that the evidence failed to show that he ever struck the victim with a dangerous weapon or made physical contact with a dangerous weapon. The Defendant asserts that the State failed to prove he was a principal, as testimony differed as to his whereabouts and his role during the fight. Further, the Defendant argues there was no evidence presented to show any plan to commit this crime.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See Graffagnino, 436 So.2d at 563, citing State v. Richardson, 425 So.2d 1228 (La.1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt. Therefore, we must consider whether sufficient evidence of each element of aggravated battery was introduced at trial. La.R.S. 14:34 provides that *581 "[a]ggravated battery is a battery committed with a dangerous weapon." La.R.S. 14:33 provides that "[b]attery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another." To convict a defendant of aggravated battery, the prosecution must prove that the defendant intentionally used force or violence upon the victim, that the force or violence was inflicted with a dangerous weapon and that the dangerous weapon was an instrumentality used in a manner likely to cause death or great bodily harm. State v. Brooks, 499 So.2d 741 (La.App. 3 Cir. 1986).
On the charge of aggravated battery, the record is replete with evidence. The victim, Shantelle Williams, testified that Jamie Freeman, whom she identified in court, held her by her shirt, thereby allowing Romekia Freeman to cut and beat her. Although no weapon was introduced at trial, photographs depicting the cuts and the victim's existing wounds were shown. Furthermore, medical testimony of the emergency room physician was introduced and indicated that it took thirty-eight stitches to mend the cuts administered to Williams. Arlene Payne, roommate of the victim, testified that Jamie Freeman held Shantelle from the back and encouraged the brawl. Glenn Poullard stated that the Defendant prevented others from stopping the fight and yelled profanities encouraging the beating. However, under cross examination, Poullard admitted his testimony stating that the Defendant, Jamie Freeman, used words to encourage the attack was not in his original statement. Tamekia Dupre's testimony placed Jamie Freeman at the scene, right where the fight was going on. Felicia Hinds' statement places the Defendant right over Shantelle when she was down on the ground. Hinds further testified Shantelle Williams was unconscious and had a large amount of blood covering her. And lastly, the victim, Shantelle Williams, testified that, as the Defendant held her during the fight, he encouraged his cousin, Romekia, to "beat that bitch." These testimonies assist in the satisfaction of the elements of the crime, as they show the Defendant was an accomplice in an aggravated battery.
An aggravated battery conviction requires proof of only general criminal intent or showing that the defendant, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La.R.S. 14:10; State v. Howard, 93-74 (La. App. 3 Cir. 11/2/94); 649 So.2d 489, writ denied, 94-2944 (La.3/17/95); 651 So.2d 266. The circumstances suggest the Defendant had the requisite "general intent," as he clearly participated in a vicious beating and prevented others from helping the victim. "Even though intent is a question of fact, it may be inferred from the circumstances of the transaction." State v. Guillory, 540 So.2d 1212, 1215 (La.App. 3 Cir. 1989). Thus, the evidence satisfied the required act and intent elements of aggravated battery.
The Defendant contends that because the evidence clearly indicated that he never possessed a dangerous weapon, he should be convicted of a lesser offense. However, "[t]he state may prove a defendant guilty by showing that he served as a principal to the crime by aiding and abetting another." State v. Smith, 513 So.2d 438, 444 (La.App. 2 Cir.1987). La.R.S. 14:24 defines principal as follows: "[a]ll persons concerned in the commission of a crime, whether present or absent and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime are principals." The supreme court stated in State v. Pierre, 93-0893, p. 4 *582 (La.2/3/94); 631 So.2d 427, 428 that: "[T]hose persons who knowingly participate in the planning or execution of a crime are principals." A person who aids and abets another in a crime is just as liable as the person who directly commits it, although he may be convicted of a higher or lower degree of the crime, depending upon the mental element proven at trial. State v. Watson, 397 So.2d 1337 (La.1981), cert. denied, 454 U.S. 903, 102 S.Ct. 410, 70 L.Ed.2d 222 (1981). Under the principal theory, the victim's testimony placed the Defendant at the scene of the fight and holding her as she received cuts. Also, Arlene Payne witnessed Jamie Freeman holding the victim as she was cut. Further, the witnesses attested to his verbal expression of his specific intent to aid in the crime committed.
Although the Defendant did not testify at trial, counsel for the defense presented three alibi witnesses who gave testimony regarding his whereabouts during the altercation, as well as his role in the brawl. Sonya Evans testified that Jamie Freeman was behind her during the fight to protect her from injury, as she was pregnant with his child at that time. Evans further testified that she did not see the Defendant grab the shirt of Shantelle Williams. By contrast, some of the State's witnesses and the victim named Sonya Evans, "Tweet," as a participant in the fight, saying she stomped on the victim while she was on the ground. Wansetta Celestine testified that she did not see the Defendant hold the victim. However, she further testified that she saw nothing after the crowd developed. Romekia Freeman testified that the Defendant was at the club, but nowhere around the fight. Romekia Freeman pled guilty to aggravated battery. However, she testified that she did not administer the cuts to Shantelle Williams.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witnesses and is a matter of weight of the evidence. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), writ denied, 507 So.2d 226 (La.1987).
Essentially, the trial became a credibility contest between the two sets of witnesses. As previously noted, the fact finder's determinations will not be disturbed unless found to be irrational. The testimony presented at trial indicated that Jamie Freeman never possessed a dangerous weapon. However, the State provided evidence sufficient to prove that the he acted as a principal in the aggravated battery of Shantelle Williams. Therefore, we find no merit in the contention that the conviction is not supported by sufficient evidence.

CONCLUSION
Finding no error, we affirm the Defendant's conviction and sentence.
AFFIRMED.