| DOUCET, Judge.
Francis Jack appeals his conviction for distribution of a substance falsely represented to be a controlled dangerous substance.
Jack was charged with distribution of a false controlled dangerous substance after an undercover agent with the Mamou Police Department purchased what she thought to be crack cocaine on March 24, 2001. He entered a plea of not guilty and was found guilty by a jury on December 11, 2001. On March 14, 2002, Jack was sentenced to four years at hard labor with credit for time served.
The Defendant appeals, assigning three errors.
SUFFICIENCY OF THE EVIDENCE
In his first two assignments of error, Jack asserts first that the jury’s verdict is inconsistent with the law and the evidence and second that he was not the person who distributed the false controlled dangerous substance.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credi-
*1090 bility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See Graffagnino, 436 So.2d at 563, citing State v. Richardson, 425 So.2d 1228 (La. 1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt.
State v. Freeman, 01-997, pp. 2-3 (La. App. 3 Cir. 12/12/01), 801 So.2d 578, 580.
| ^Distribution of a false controlled dangerous substance is defined in La.R.S. 40:971.1 and provides in pertinent part:
A. It shall be unlawful for any person to produce, manufacture, distribute, or dispense any substance which is represented to be a controlled dangerous substance and which is an imitation controlled dangerous substance, or any controlled dangerous substance which is a counterfeit controlled dangerous substance.
The testimonies of the persons involved differ. Officer Fontenot stated Quentin Jack flagged her down as she and her confidential informant drove in the area, while Quentin Jack stated that Officer Fontenot and the informant approached him about purchasing drugs when he was only trying to get a ride home. Additionally, Officer Fontenot stated as they approached the corner where the purchase took place, Quentin Jack got out of the vehicle and spoke with one of the young men, who she recognized as Francis Jack, standing on the corner. Quentin Jack stated as they approached the corner, he exited the vehicle and walked in the direction of his grandmother’s house, never talking to the individuals on the corner. Also, Officer Fontenot stated the Defendant was the person who gave her a rock in exchange for twenty dollars, while Quentin Jack stated the Defendant was not around, but was at his mother’s house. Further, the Defendant, Francis Jack, stated he was at his mother’s house the night of the alleged sale, and he has never sold any type of drugs. Although contending that Officer Fontenot could not have recognized him, the record shows that the Defendant testified that prior to March 24, 2001, he and Officer Fontenot were familiar with each other because she worked in a store that he visited before and after the crime at issue was committed. He stated he met Officer Fontenot in 2001, but did not remember her from elementary school.
|3In State v. Taylor, 96-1043, p. 5 (La. App. 3 Cir. 2/5/97); 688 So.2d 1262, 1267, this court addressed witness credibility when it stated:
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witnesses and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, [72 L.Ed.2d 652] (1982)[ ... ] Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), ivrit denied, 507 So.2d 226 (La. 1987).
A fact-ñnder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Where rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305 (La.1988).
Considering the evidence presented, the jury’s acceptance of Officer Fontenot’s testimony and its rejection of Quentin Jack’s *1091 and the Defendant’s testimonies are not irrational. Officer Fontenot identified the Defendant as the person who gave her the false narcotic. She stated she was able to recognize him despite his efforts to conceal his face. Additionally, the Defendant stated he and Officer Fontenot had seen each other on occasion prior to that night, which supports her testimony that she had seen him before and she knew who he was, thus strengthening her identification of the Defendant.
Again contesting the sufficiency of the evidence, in his third and final assignment of error, the Defendant asserts that even if he were the one who exchanged the false narcotic, he made no representations as to its content and, therefore, cannot be guilty of violating La.R.S.40:971.1. La.R.S. 40:971.1 provides that it is unlawful for one to produce, manufacture, distribute, or dispense any substance which is represented to be a controlled dangerous substance.
| ¿Testimony was presented to show a “rock” or “twenty” referred to crack cocaine and when Officer Fontenot asked Quentin Jack for a “rock” he knew she was referring to crack cocaine. Also, Keith Dupre, a detective with the Mamou Police Department, testified crack cocaine is referred to as a “rock” or as a “twenty” on the street and to refer to it any other way would expose them cover as undercover agents.
However, since there is no direct evidence to support the contention that the Defendant knew Officer Fontenot wanted to purchase crack cocaine, we will examine the circumstantial evidence.
La.R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
In State v. Davis, 92-1623, p. 11 (La.5/23/94); 637 So.2d 1012, 1020, cert denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994) the Louisiana Supreme Court stated on appeal that, the reviewing court “does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events.” Rather, the court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
In the present case, Quentin Jack stated Officer Fontenot asked him where she could purchase a “rock” and he admitted he knew she was referring to crack cocaine. Further, he initially testified he did not offer to assist Officer Fontenot with locating drugs for her. However, later in his testimony, he offered his brother Travis as a possible source. Quentin Jack stated he also directed Officer Fontenot to two individuals on the corner, but he did not speak to either young man. Officer Fontenot ^stated that Quentin Jack got out of the vehicle upon approaching the corner and spoke to one of the individuals, after which that individual approached the vehicle for the drug purchase. Notably, there was no evidence adduced at trial to support the conclusion that Quentin Jack and the person on the corner discussed a drug sale. According to Officer Fontenot, the man Quentin Jack spoke with was the same man that approached her window, who she identified as the Defendant, Francis Jack. Officer Fontenot testified that based on her experience as an undercover agent, she expected the person Quentin Jack spoke with to approach her vehicle, hand her a rock, take the money, and leave, which is what happened in the instant case.
As we have stated, the fact finders’ acceptance of Officer Fontenot’s testimony *1092 and rejection of the Defendant’s and Quentin Jack’s testimonies was not irrational. Additionally, when viewed in a light most favorable to the prosecution, it could be concluded that there is no reasonable alternative hypothesis that explains the occurrences leading up to and including the drug purchase other than the one provided by Officer Fontenot. The jury could reasonably have concluded that Quentin Jack participated in the alleged drug purchase after he suggested his brother as a possible source from whom Officer Fontenot could purchase drugs. Quentin Jack’s actions suggested that he wanted to assist Officer Fontenot with her goal of purchasing drugs.
Additionally, it is reasonable to conclude that the Defendant knew Officer Fontenot desired to purchase crack cocaine because the substance he gave her resembled a rock of crack cocaine. There is no evidence of what Quentin Jack and the Defendant discussed. However, the Defendant gave Officer Fontenot a substance that looked like crack cocaine in exchange for money without saying anything during | fithe purchase. The Defendant’s actions may be viewed as circumstantial evidence that Quentin Jack told the Defendant that Officer Fontenot wanted to purchase a rock of crack cocaine, and not a substance that looked like crack cocaine.
Viewing the evidence in a light most favorable to the prosecution, the evidence is reasonably sufficient to support Officer Fontenot’s account of the drug purchase on March 24, 2001. Additionally, considering the evidence presented, there is no reasonable hypothesis of innocence present that would prevent a rational juror from finding proof of the Defendant’s guilt beyond a reasonable doubt. Thus, we conclude that the Defendant’s actions constituted circumstantial evidence of his representation that the substance purchased by Officer Fontenot was a false narcotic. Additionally, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime at issue proven beyond a reasonable doubt. CONCLUSION
For these reasons, the Defendant’s conviction is affirmed.
AFFIRMED.