# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-607


**STATE OF LOUISIANA**

**IN THE INTEREST OF**

**M. M.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NEW IBERIA CITY COURT
PARISH OF IBERIA, NO. 2005-0163
HONORABLE ROBERT L. SEGURA, CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

Anne G. Stevens
457 E. Main Street, Room 202
New Iberia, LA   70560
(337) 369-2332
COUNSEL FOR APPELLEE:
        State of Louisiana

Shentell Brown
Indigent Defender Board
110 W. Washington Street
New Iberia, LA   70560
(337) 365-4006
COUNSEL FOR DEFENDANT/APPELLANT:
        M.M.

AMY, Judge.

The State filed a petition for delinquency charging the defendant, a minor, with armed robbery in violation of La.R.S. 14:64. He entered a plea of not guilty. Following a trial, he was adjudicated as a delinquent on the charge of simple robbery in violation of La.R.S. 14:65 and was sentenced to two years in the custody of the Office of Youth Development. He appeals his adjudication on the ground of insufficiency of the evidence. For the following reasons, we affirm as amended and remand with instructions.

## Factual and Procedural Background

On August 6, 2005, D.E.[1] was a passenger in a vehicle traveling on Bank Street in New Iberia, Louisiana. D.E. testified that when the car stopped at a stop sign, he noticed a large crowd in the street. According to D.E., a boy named Charles "busted" one of the car windows with some sort of pipe. He testified that he was pulled from the car, hit on the head with a pipe, and had his money stolen. His friend, C.H., helped him into the car and they left.

D.E. stated that he saw M.M., the defendant, on a bicycle located "[o]n the other side of the street on the grass" before and after the car was stopped. However, he did not indicate that M.M. was sitting on the bicycle when the incident occurred. Although he did not know who pulled him out of the car, D.E. testified that Charles hit him in the head with a pipe. He further testified that "they said [M.M.] took my

---

[1] The victim's, the witness's, and the defendant's initials are being used pursuant to Uniform Rules - Courts of Appeal, Rule 5-2, which states that: "To ensure the confidentiality of a minor who is a party to or whose interests are the subject matter in the proceedings listed in Rule 5-1(a) or (c) above, initials shall be used in all filings and in opinions rendered by the court of appeal to protect the minor's identity."

money." Upon further questioning, D.E. admitted that he did not know who stole his money because he was on the ground being hit by the crowd.

Although D.E. was unable to state whether or not M.M. participated in the crime, C.H. testified that M.M. was a participant. C.H. stated that he was sitting in the front passenger seat of the car, and D.E. was in the back seat. According to C.H.'s testimony, the car was at a stop sign when M.M. and a few other boys "busted" the window. M.M. and Charles then pulled D.E. from the car. M.M. hit D.E. with a bat and a pipe while Charles was beating and stomping him. C.H. testified that when D.E. fell, they hit him and reached into his pocket. According to C.H., M.M. took money out of D.E.'s pocket before running away from the scene.

Based on the aforementioned testimony, the trial court adjudicated M.M. as a delinquent on the charge of simple robbery. He was sentenced to two years in the custody of the Office of Youth Development. M.M. has perfected this appeal, arguing that there is insufficient evidence to support his adjudication.

## Discussion

*Errors Patent*

In *State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081, this court held that an error patent review is mandated by La.Ch.Code art. 104[2]

---

[2] Louisiana Children's Code Article 104 provides:

Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:

(1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.

(2) The Code of Civil Procedure in all other matters.

and La.Code Crim.P. art. 920[3]. After reviewing the record, we have found one error patent in need of correction.

The trial court did not give M.M. credit for time served in secure detention prior to the imposition of disposition as required by La.Ch.Code art. 898(A). In *State in the Interest of J.F.*, 03-321, pp. 8-9 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282, 1287-88, this court explained:

> We note that the trial court failed to give J.F. credit for predisposition time served in a secure detention facility. Louisiana Children's Code Article 898(A) provides, in pertinent part, that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." While we recognize that the 1997 amendment to La.Code Crim.P. art. 880 releases us from recognizing the trial court's failure to give credit for time served as an error patent in adult criminal cases, we also recognize that the legislature did not amend La.Ch.Code art. 898(A). Consequently, we find it necessary to continue to recognize as an error patent the trial court's failure to give credit for time served in juvenile cases. In recognizing this error patent, we amend the disposition imposed by the trial court to give J.F. credit for the time served in a secure detention facility before imposition of disposition. *See* La.Code Crim.P. art. 882(A). Additionally, we remand this matter to the trial court with instructions to amend the commitment and minute entries of the disposition to reflect credit for time served in conformity with La.Ch.Code art. 898(A).

M.M.'s disposition is hereby amended to give him credit for time served in a secure detention facility before the imposition of disposition. Accordingly, this matter is remanded for the trial court to amend the commitment and minute entry of the disposition to reflect credit for time served in conformity with La.Ch.Code art. 898(A).

---

[3] Louisiana Code of Criminal Procedure Article 920 provides:

The following matters and no others shall be considered on appeal:

(1) An error designated in the assignment of errors; and

(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

*Insufficient Evidence*

M.M. contends that "[t]he State failed to present sufficient evidence to sustain the verdict of guilty of simple robbery beyond a reasonable doubt." Although he concedes that the State proved that D.E. was robbed, M.M argues that D.E.'s testimony negates any involvement on his part. M.M. "acknowledges that the victim's testimony was severely contradicted by [C.H.]'s testimony[;]" however, he alleges that "[C.H.] was not in a position to see what he testified to at trial."

Louisiana Revised Statutes 14:65 provides in pertinent part:

> A. Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.

In *State v. Freeman*, 01-997, pp. 2-3 (La.App. 3 Cir. 12/12/01), 801 So.2d 578, 580, this court set forth the standard for insufficiency claims:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See Graffagnino*, 436 So.2d at 563, *citing State v. Richardson*, 425 So.2d 1228 (La.1983). To obtain a conviction, the elements of the crime must be proven beyond a reasonable doubt.

After reviewing the record, we find that there is sufficient evidence to support M.M.'s adjudication as a delinquent on the charge of simple robbery. Although D.E. testified that M.M. was on a bicycle on the other side of the street when the car was stopped, C.H. testified that he never saw M.M. on a bicycle. Furthermore, C.H.

testified that M.M. participated in breaking the window and pulling D.E. from the car. C.H. maintained that M.M. took D.E.'s money out of his pocket. Although D.E. and C.H.'s testimonies differed regarding M.M.'s whereabouts and his participation in the crime, the trial court was free to accept or reject all or part of their testimonies. *State v. Savoy*, 05-92 (La.App. 3 Cir. 11/2/05), 916 So.2d 339.

In addition, we find unpersuasive M.M.'s contention that C.H. was not in a position to see what he testified to at trial. C.H. stated that he was sitting in the front passenger seat when D.E. was being hit on the ground next to the back door of the car. According to his estimate, thirty people were around D.E. while he was being beaten, although only ten were actually hitting him. C.H. stated he had his door open which allowed him to see what was happening to D.E. on the ground. C.H. admitted that it was dark outside; however, he testified that the crime took place in a well-lit area.

Insofar as D.E. placed M.M. near the scene of the crime and C.H. testified that he saw M.M. participate in the crime, we find that a rational trier of fact could have found M.M. guilty of simple robbery.

Accordingly, this assignment has no merit.

## DECREE

For the above reasons, we affirm M.M.'s adjudication as a delinquent. However, we amend his disposition to reflect that he is given credit for time served in a secure detention facility before imposition of disposition. We remand this matter for the trial court to amend the commitment and minute entry of the disposition to reflect credit for time served.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**