NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 08-21

STATE OF LOUISIANA

VERSUS

E. O., SR.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 44073
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Laurie A. Hulin
Assistant District Attorney
Fifteenth Judicial District
Post Office Box 175
Abbeville, LA 70511-0175
(337) 898-4320
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **E. O., Sr.**

**PETERS, J.**

The defendant, E.O.,[1] was charged by grand jury indictment with one count of aggravated incest, a violation of La.R.S. 14:78.1. At the end of a trial on the merits, a jury found him guilty of the charged offense. After the trial court rejected a number of post-trial motions, the defendant perfected this appeal. In his original brief to this court, the defendant asserted that the State of Louisiana (state) presented insufficient evidence to sustain the verdict and that the trial court erred when it permitted "other crimes evidence." In a reply brief, the defendant requested that this court expand the trial record to allow consideration of police interviews with the victim, which were not introduced at trial. For the following reasons, we affirm the defendant's conviction, but remand the matter to the trial court with instructions to the trial court to comply with La.Code Crim.P. art. 930.8.

### *Assignment of Error Number One and Assignment Raised in Reply Brief*

The defendant was charged with having fondled his minor daughter's breast and genitals, and with having forced her to stroke his penis. His conviction was based solely on his daughter's testimony, and, in his first assignment of error, he contends that the evidence was insufficient to sustain his conviction. When a defendant raises the issue of sufficiency of evidence on appeal, the reviewing court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all of the critical elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979); *see also State v. Ordodi*, 06-207 (La. 11/29/06), 946 So.2d 654. Additionally, in the absence of internal contradiction or irreconcilable conflicts with physical evidence, one witness's testimony, if believed by the trier of fact, is

_____

[1]In accordance with La.R.S. 46:1844(W), initials of the parties will be used to protect the identity of the victim.

sufficient to support a conviction. *State v. Stec*, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784.

The offense of aggravated incest is defined in La.R.S. 14:78.1. That statute reads in pertinent part:

> A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.

> B. The following are prohibited acts under this Section:
> . . . .

> (2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.

The defendant acknowledges that a single witness's testimony may be sufficient to support a conviction, but argues that his daughter's testimony was riddled with such inconsistencies as to make her testimony unreliable. In support of his argument, he references his daughter's trial testimony as well as what he asserts are inconsistencies between the victim's testimony at trial and her statements during an interview conducted by the police on January 23, 2003.

The evidence establishes that the victim, K.O., was born on June 13, 1990, and is one of four children born of the legal union of the defendant and C.O. Her parents had married on January 1, 1987, and separated in 1990. However, the defendant returned to the household in December of 2002 for a few weeks, and it was at this time that the offense at issue is alleged to have occurred. According to C.O., K.O. began to cause trouble at school, and, when she attempted to address these problems

2

with her daughter, K.O. informed her of the defendant's sexual advances. This revelation gave rise to the current criminal charge.

K.O. testified that in December of 2002, when she was twelve years old, her father ordered her into the bedroom, locked the door, began to fondle her breasts and genitals, exposed his penis, and told her to "stroke it, play with it." She testified that she began to comply because she was afraid of him. According to K.O., she was able to escape from her father when they heard her brother and sister come into the house. She used this distraction to run to the bedroom door, unlock it, and run to a friend's house. She testified that she remained at her friend's house until she was certain her older brother would be home if she returned. She explained that she did not initially report her father's abuse because he threatened to kill her if she told anyone. K.O. testified that the incident giving rise to the criminal charge was not the first time her father had acted inappropriately in her presence. She related another incident that had occurred when she was three years old, when her father had taken her to the bedroom, removed his penis from his clothing and told her "it was a sausage--lick, don't bite." She testified that on that occasion he inserted his penis so far down her throat that she vomited.

With regard to internal inconsistency in his daughter's trial testimony, the defendant directs us to only one instance—K.O.'s testimony concerning a telephone conversation her mother had with her father after learning of the defendant's actions. On direct examination, K.O. testified that after her mother learned of the abuse, she called the defendant, and "they had a talk" wherein the defendant told C.O. that K.O.'s allegations were true, but that "she would have to prove it first." However, on cross-examination, K.O. testified that during this telephone confrontation she

3

heard her mother screaming but she did not hear what was said because she "really wasn't paying attention." We do not find this inconsistency to be sufficient to set aside the defendant's conviction as it does not relate to the sexual activity comprising the offense itself. The jury considered all of the evidence presented and made a credibility determination that should not be second-guessed by this court. *State v. Freeman*, 01-997 (La.App. 3 Cir. 12/12/01), 801 So.2d 578. It is the role of the fact finder to weigh the credibility of the witnesses, and, therefore, the appellate court should not second-guess the fact finder's credibility determinations beyond the sufficiency evaluations under the *Jackson* standard of review. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). The defendant's argument with regard to K.O.'s trial testimony is without merit.

The defendant's complaint concerning the alleged inconsistencies between his daughter's trial testimony and what she told law enforcement officers in pretrial interviews conducted on January 23, 2003, is also without merit, but for different reasons. These interviews were not introduced at trial, and, although the defendant asks this court to expand the record to include these transcripts, we cannot consider evidence not introduced at trial. *See State v. Arnold*, 99-742 (La.App. 3 Cir. 4/11/01), 801 So.2d 408.

We find no merit in either one of these assignments of error.

### *Assignment of Error Number Two*

In this assignment of error, the defendant asserts that the trial court erred in permitting the introduction of "other crimes evidence" when it allowed K.O. to testify concerning the incident she claims occurred when she was three years old. He argues that the prejudicial nature of this testimony far outweighed its probative value and,

4

therefore, was prohibited pursuant to La.Code Evid. art. 404(B). Specifically, he argues that the testimony clearly prejudiced him "by depicting him as a 'bad man' with a lustful disposition for his daughter." In response, the state argues that the incident is admissible under La.Code Evid. art. 412.2 in that it establishes the defendant's lustful disposition toward his daughter, his intent to arouse or gratify himself with his daughter, a common mode of action, and his identity.

Louisiana Code of Evidence Article 404(B)(1) provides, in pertinent part, that:

> Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . . .

Additionally, La.Code Evid. art. 412.2(A) provides:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

In the matter now before us, the state timely filed a notice of intent to introduce evidence of the prior act, and, at a hearing held immediately before the trial on the merits began, the trial court ruled that it would allow introduction of the evidence, but with a limiting instruction to the jury.[2]

---

[2]The judge gave the following instruction at trial:
Evidence has been presented concerning another act of the defendant alleged to have occurred in 1993 or 1994. The State was allowed to introduce this as evidence to establish motive, intent, knowledge, and/or identity, or to establish lustful disposition toward children. It is to be considered by you only for that purpose. It is not to be considered by you as proof of the character of the defendant in order to show that he acted in conformity therewith.

Although the first incident occurred nine years prior to the second, the defendant left the household shortly after the first incident, the second occurred within a few weeks of his returning to the household, and he left the household shortly after the second incident. Both instances involved exposure of his penis to his daughter followed with threats to keep her quiet.

Louisiana jurisprudence has long recognized the "lustful disposition exception," particularly when it involves prior sexual acts committed by the perpetrator upon the same victim. *State v. Acliese,* 403 So.2d 665 (La.1981). Here, the testimony regarding the defendant's prior sexual act with his juvenile daughter was not overly prejudicial to his case. It was relevant to show his lustful disposition toward his daughter and that he had the intent to arouse his or his daughter's sexual desires. Furthermore, as noted, the trial court gave the jury a limiting instruction.

The defendant further argues that because the victim was three years old at the time of the incident, there was a problem with incompetency. The defendant's argument that a three-year-old would not be competent to testify in a court might be persuasive if the witness were three years old. Here, however, the victim was seventeen at the time of her testimony.

We find that this assignment of error is without merit.

### Errors Patent

As required by La.Code Crim.P. art. 920, we have reviewed this record for errors patent on the surface of the record. In doing so, we find two errors patent that require addressing.

The first involves the application of La.Code Crim.P. art. 930.8, which states that a defendant has two years from the finality of his conviction and sentence to seek

6

post-conviction relief. In sentencing the defendant, the trial court erroneously advised the defendant that the two-year prescriptive period for filing post-conviction relief would begin to run five days after the sentence was imposed if the defendant did not appeal, while under La.Code Crim.P. arts. 914 or 922, the earliest a conviction and sentence can become final is thirty days after the imposition of sentence, provided that the defendant files neither an appeal or a motion to reconsider sentence. Further, the trial court also erroneously advised the defendant that if his appeal is denied, he has two years from the date of the appellate court's judgment to seek post-conviction relief. Louisiana Code of Criminal Procedure Article 922(B) provides that "[a] judgment rendered by the supreme court or other appellate court becomes final *when the delay for applying for a rehearing has expired and no application therefore has been made.*" (Emphasis added.) We remand this matter to the trial court with instructions to inform the defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record.

The second error patent relates to the trial court minutes. In sentencing the defendant, the trial court correctly informed him of the supervised release requirements of La.R.S. 15:561.4. However, the trial court minutes refer to La.R.S. 15:541(14.1) and not La.R.S. 15:561.4, and state that this supervised release requirement is "[i]n addition to the usual and general conditions of probation." In fact, the defendant was not placed on probation upon his release from the custody of the state—only supervised release. Thus, the trial court minutes must be amended to reflect correction of these errors.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction. We remand this matter to the trial court and direct the trial court to inform the defendant of the appropriate delay periods set forth in La.Code Crim.P. art. 930.8 by sending him written notice within ten days of the rendition of this opinion and to file proof that the defendant received the notice in the record of these proceedings. We further direct the trial court to order the amendment of the trial court minutes to reflect that the supervised release notice requirements are provided for in La.R.S. 15:561.4 and not La.R.S. 15:541(14.1), and to delete the reference to conditions of probation.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

8