# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**10-19**


**STATE OF LOUISIANA**

**VERSUS**

**WALTER JAMES HICKS, JR.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-853-08
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.


**AFFIRMED.**

**Michael C. Cassidy**
**District Attorney**
**Bennett R. LaPoint**
**Assistant District Attorney**
**Post Office Box 1388**
**Jennings, LA   70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**Post Office Box 719**
**Rayville, LA   71269**
**(318) 728-2043**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Walter James Hicks, Jr.**

**Walter James Hicks, Jr.**
**Pine Prairie Correctional Center**
**1133 Hampton Dupre Road**
**Pine Prairie, LA   70576**

AMY, Judge.

The defendant was convicted of second degree battery and sentenced to five years imprisonment at hard labor. He appeals, challenging the sufficiency of the evidence to sustain his conviction. For the following reasons, we affirm.

**Factual and Procedural Background**

The defendant, Walter James Hicks, Jr., was charged by bill of information with second degree battery, after he was involved in a physical altercation with another man, John Eckel. At the time of the altercation, both men were inmates at the Jefferson Davis Parish Jail. As a result of the fight, Mr. Eckel was taken by ambulance to a local hospital where he was treated for injuries to his head.

On May 4, 2009, following a jury trial, the defendant was convicted as charged. The defendant filed a Motion for Judgment of Acquittal, arguing that "[t]he evidence contained in the record is insufficient as a matter of law to support the verdict of the jury finding the defendant guilty" of second degree battery. Following a hearing, the motion was denied. The trial court subsequently sentenced the defendant to serve five years imprisonment at hard labor.

The defendant appeals, arguing that the evidence is insufficient to sustain his conviction for second degree battery.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Sufficiency of the Evidence*

In his sole assignment of error, the defendant contends that the evidence is insufficient to convict him of second degree battery. Specifically, the defendant asserts that Mr. Eckels was not rendered unconscious nor suffered an injury which would support his conviction.

Second degree battery is defined in La.R.S. 14:34.1 as "a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury." Serious bodily injury is defined in the same statute as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." La.R.S. 14:34.1.

The analysis for a claim of insufficient evidence is, as follows:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

At trial, several persons testified about Mr. Eckel's injuries and level of consciousness following the altercation. Officer Ryan Gary, a correctional officer for

Jefferson Davis Parish, testified that he was working at the jail on the night of the incident. When asked about Mr. Eckel's condition following the altercation, Officer Gary replied that "he was beaten pretty bad. I had an ambulance en route right away." He testified that Mr. Eckel was disoriented and unable to state his date of birth or his location. When asked to describe what Mr. Eckel looked like after he returned from the hospital, Officer Gary stated that "[b]oth eyes was [sic] black and still swollen, and he had a - - his jaw was still swollen up pretty bad, and his ears were bruised up."

Mr. Eckel testified that the defendant hit him on the right side of his head with his fist. He recalled that after he was hit, he "fell to the side, and [he] felt the left side of [his] head strike something, and then [he] woke up, and [he] was in the hospital." As to his injuries, he testified that he "had some stitches on [his] ear, and swelling of the jaw" in addition to black eyes. When asked to describe his pain, Mr. Eckel testified as follows:

> Every time my heart beats [sic], my head pulsated with excruciating agony. It felt as though if I would stand up, which I could, but it would take me awhile to get up, that once I was up, I would fall short from lack of blood pumping to my brain and feel like I'm about to blackout and fall down. I had migraine headaches that lasted for weeks afterwards. The pain in my jaw from the swelling was like a steady constant mild pain.

Several other persons who were inmates at the time of the incident testified. Two of the inmates, Philip Thibeaux and Elijah Miller, responded that they never observed Mr. Eckel unconscious after the fight. Mr. Miller testified about Mr. Eckel's injuries, stating that Mr. Eckel's "face was swollen, and one of his eyes were [sic] closed. I think his lip was busted." Daven Fontenot testified that after the incident, Mr. Eckel did not move until he was picked up by another inmate. In their

3

testimony, Mr. Thibeaux and Mr. Miller denied that Mr. Eckel ever needed assistance walking after the altercation.

The defendant asserts that there is no evidence to prove that Mr. Eckel sustained serious bodily injury to support a conviction under La.R.S. 14:34.1. The defendant points to the conflicting testimony as to whether Mr. Eckel was rendered unconscious, arguing that there was no evidence, other than Mr. Eckel's testimony, to prove beyond a reasonable doubt that Mr. Eckel was rendered unconscious. Further, the defendant argues the State failed to offer any evidence that Mr. Eckel was in extreme physical pain.

After a review of the evidence in a light most favorable to the prosecution, we find that the record supports a determination that the State proved beyond a reasonable doubt the defendant committed second degree battery. We note that there is conflicting testimony as to whether Mr. Eckel was rendered unconscious and what injuries Mr. Eckel received; however, "[t]he testimony of a victim may present sufficient evidence to establish that the victim sustained serious bodily injury[.]" *State v. Gunnells*, 619 So.2d 192, 201 (La.App. 3 Cir.), *writ denied*, 625 So.2d 1061 (La.1993). Here, the victim, Mr. Eckel, testified that he was rendered unconscious after receiving a blow to the head delivered by the defendant. He further testified that he endured excruciating pain as a result of his injuries. It is the function of the fact finder to weigh the credibilities of witnesses, and therefore, a reviewing court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *State v. R.W.W.*, 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131 (citing *State v. Freeman*, 01-997

4

(La.App. 3 Cir. 12/12/01), 801 So.2d 578.) Accordingly, we find that the record contains sufficient evidence to support the conviction of this defendant.

The defendant also argues that the State failed to prove beyond a reasonable doubt that the defendant had the specific intent to inflict serious bodily injury. Specific intent is defined in La.R.S. 14:10 as the "state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." Specific intent can be inferred from the circumstances of the incident and the defendant's actions. *See State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

Based upon the circumstances of this case, we find sufficient evidence to support a finding of the specific intent. The defendant testified that he was separated from fighting by another inmate, stating "that's when Thibeaux pulled - - Thibeaux was like, man, come on. You got the best of him. Let it go, you know, and that's when I walked away." Mr. Thibeaux testified that when he grabbed the defendant, the defendant was prepared to hit Mr. Eckel again, and he prevented the defendant from doing so by explaining that the victim was "finished." Another inmate, Daven Fontenot, testified that after the defendant hit Mr. Eckel and he fell to the ground, the defendant continued to beat the victim for about a minute, resulting in blackened eyes and injuries to the head. Accordingly, we find the evidence sufficient to support that this defendant had the specific intent to commit a second degree battery.

### DECREE

For the forgoing reasons, the defendant's conviction is affirmed.

**AFFIRMED.**

5