DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1253

STATE OF LOUISIANA

VERSUS

WILBERT BATISTE, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 06-230795

HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Paula C. Marx
Louisiana Appellate Project
P.O. Box 80006
Lafayette, LA 70598
Counsel for Defendant-Appellant:
    Moses Maine Jacobs

James C. Downs
District Attorney
Brian Mosely
Assistant District Attorney
P.O. Drawer 1471
Alexandria, LA 71309
Counsel for Appellee:
    State of Louisiana

**PAINTER, Judge.**

Defendant, Wilbert Batiste, Jr., appeals his conviction for attempted possession of cocaine, based on the sufficiency of the evidence. For the following reasons, we affirm the conviction.

### FACTS

On January 5, 2006, St. Martin Parish police were patrolling an area known for high levels of drug trafficking. They saw an occupied vehicle parked in the road. The officers stopped to investigate. As they walked toward the vehicle, the passenger door opened, and an object flew out. One of the officers, Troy LeBlanc, thought he saw where the object landed. The passenger was identified as Defendant. The officers found cash on the ground right beside the vehicle's door. Defendant admitted that it was his.

LeBlanc directed another officer, Chris Martin, to the area where the object thrown from the car landed. When Martin checked the area, he found a plastic bag containing "cookies" of suspected cocaine. Subsequent lab testing identified the seized substance as cocaine.

On March 7, 2006, the State filed a bill of information charging Defendant with one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. Jury selection began on September 13, 2006. The jury heard evidence the next day and returned a verdict of guilty of attempted possession of cocaine. The court ordered a pre-sentence investigation (PSI).

On December 20, 2006, the court held a sentencing hearing. After hearing testimony from defense witnesses, including Defendant himself, the court sentenced him to two and one-half years at hard labor.

1

Defendant now appeals to this court. He assigns a single error alleging that the evidence was insufficient to support his conviction.

**DISCUSSION**

Initially, we note that the record has been examined for errors patent as required by La.Code Crim.P. art. 920, and none have been found.

In his sole assignment of error, Defendant attacks the sufficiency of the evidence adduced against him at trial. The analysis for such arguments is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

In the present case, Defendant specifically argues that the State failed to prove beyond a reasonable doubt that he possessed the crack cocaine at issue, either physically or constructively. The State originally charged Defendant with possession of cocaine with intent to distribute, but the jury convicted him of the lesser-included offense of attempted possession of cocaine. This appears to have been a "compromise verdict." "In *State ex rel. Elaire v. Blackburn*, 424 So.2d 246

2

(La.1982), *cert. denied*, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), the court held that compromise verdicts are permissible, so long as the evidence supports either the verdict given or the original charge." *State v. Charles*, 00-1611, p. 5 (La.App. 3 Cir. 5/9/01), 787 So.2d 516, 519, *writ denied*, 01-1554 (La. 4/19/02), 813 So.2d 420.

Defendant argues that none of the officers testified that they saw him in possession of the cocaine and suggests that since the crime scene was in an area known for high drug traffic, the cocaine recovered by Martin could have been left by someone else.

While it is true that the State did not present direct evidence that Defendant possessed the cocaine, the record reveals strong circumstantial evidence to support the conviction. The supreme court has explained:

> In a case involving circumstantial evidence in which the jury has reasonably rejected the defense offered at trial, the reviewing court therefore "does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion." *State v. Captville*, 448 So.2d 676, 680 (La.1984) (emphasis in original). Instead, the reviewing court must "evaluate[ ] the evidence in the light most favorable to the prosecution and determine[ ] whether the alternative hypothesis is sufficiently reasonable that a rational juror could not 'have found proof of guilt beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 324, 99 S.Ct. at 2792).

*State v. Juluke*, 98-341, p. 5 (La. 1/8/99), 725 So.2d 1291, 1293.

LeBlanc saw an object fly from Defendant's side of the car as officers approached it. He directed Martin to an area about ten feet from the car where the object landed, and the latter found the cocaine in a bag. LeBlanc testified that he searched the ditch for other objects but found none. He added that the ditch was "thick with grass." Martin testified that the ditch area where he found the cocaine

was "fairly clean," and the grass "wasn't long." He did not recall seeing any objects other than the cocaine in the area. However, he admitted that it was possible that there may have been some other objects in the ditch.

Martin explained that the driver would have had to lean toward the passenger side to throw an object out of the passenger window. The officer also stated that while he approached the car, he watched the driver, who made no motions indicating throwing. Lieutenant Charles Scott, who was also at the scene, testified that although "there was a lot of movement in the vehicle" as the officers approached, the driver made no moves toward the passenger side.[1]

Later, when Defendant recalled LeBlanc as a witness on redirect, he testified that, in his opinion, it was not physically possible for the driver to have thrown the object out of the car, because the vehicle's passenger door swung open and he saw the shadow of an upward motion. He opined that if it had been from the driver's side, the motion would have been straight and not upward.

This testimony supports the conclusion that Defendant threw an object from the vehicle and that LeBlanc saw the area where it landed. He directed Martin to search that area, and Martin found a bag containing crack. While there may be other hypotheses, i.e., that someone else had dropped the crack there at another time, such a hypothesis is not reasonable

While LeBlanc could not identify the object as crack while it flew through the air, the record shows that he had a visual of an object being thrown. Further, he saw the area where that object landed and directed another officer to recover it. The object was recovered and was subsequently determined to be crack cocaine.

_____

[1]When officers removed him from the car, the driver said he had swallowed half a cookie of crack. Officers also found more drugs in the console area of the vehicle.

Therefore, the evidence supports a finding that Defendant actually possessed the cocaine.  As a result, the verdict for the lesser-included offense is valid.

## CONCLUSION

Finding that the verdict was supported by sufficient evidence, we affirm Defendant's conviction.

**AFFIRMED.**