420 So.2d 1105 (1982)
STATE of Louisiana
v.
Edward DUNCAN and Christine Duncan.
No. 81-KA-1996.
Supreme Court of Louisiana.
October 18, 1982.
*1106 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-appellee.
John C. Geiger, Lafayette, for defendants-appellants.
BLANCHE, Justice.[*]
Edward Duncan and Christine Duncan were convicted of possession of marijuana *1107 with intent to distribute, a violation of LSA-R.S. 40:967.[1] Each was sentenced to five years at hard labor, but Christine's sentence was suspended on the condition that she serve four years active probation. Christine takes no appeal from her conviction and sentence. In appealing his conviction and sentence, defendant Edward Duncan assigns four errors.
On August 15, 1980, two deputies of the DeSoto Parish Sheriff's Office obtained a warrant authorizing a search of defendants' residence. The warrant was issued based on the affidavit of the deputies, reciting as the basis for probable cause information supplied by an unidentified informant who had supplied reliable information at various times in the past. The subsequent search yielded a total of eight ounces of marijuana. A pan containing five "lids" of marijuana in individual plastic bags, two boxes of plastic bags, and $250 in cash was discovered in a kitchen cabinet.[2] Another twenty lids of marijuana in a paper sack and two more boxes of bags were discovered in a drawer beneath the kitchen sink.
At trial, both defendants testified that they had purchased the marijuana for their personal consumption and that it was never intended for distribution. The record does not indicate that any scales for weighing or other drug paraphernalia were discovered in the residence[3]; however, one of the deputies testified that separation of marijuana into small quantities, as was done in this case, is consistent with the form in which bags are sold individually on the street.

ASSIGNMENTS OF ERROR NOS. 1, 4
Defendant Edward Duncan argues that the marijuana should have been suppressed as evidence because the search was illegal, maintaining that the search occurred before the warrant was signed and that the warrant was not supported by probable cause. Specifically, defendant contends that the four corners of the affidavit do not establish the reliability of the informant and that hearsay contained in the affidavit renders it insufficient to support probable cause.
Before trial, both defendants moved to suppress the marijuana, and a hearing on the matter was held on November 24, 1980. The prosecutor submitted the issue solely on the search warrant and accompanying affidavit. There was no testimony concerning defendants' allegation that the search took place before the warrant was signed, and the motion was denied. The record shows that the warrant was signed at 7:08 p.m. At trial, Deputy Melton testified that the search occurred at approximately 7:20 p.m., therefore there is no factual basis in the record to support Edward's contention.
It is well established that a search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of a neutral magistrate. La.Const. art. *1108 1, sec. 5 (1974); La.C.Cr.P. art. 162; State v. Klar, 400 So.2d 610 (La.1981). Probable cause exists when the facts and circumstances within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. State v. Johnson, 408 So.2d 1280 (La.1982); State v. Tranum, 384 So.2d 367 (La.1980); State v. Morgan, 376 So.2d 99 (La.1979). Further, the facts establishing the existence of probable cause for the warrant must be contained within the four corners of the affidavit. State v. Poree, 406 So.2d 546 (La.1981); State v. Daniel, 373 So.2d 149 (La.1979); see also Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
If the basis for the existence of probable cause is the tip of an anonymous informant, the affiant must articulate the basis for his belief that the informant is trustworthy. This may be done by showing circumstances where the informant has given reliable information in the past. The affidavit must also indicate the underlying circumstances from which the informant concluded that the drugs were where he said they would be. This may be done by reciting that the informant personally observed the drugs under the circumstances recited. State v. Hernandez, 408 So.2d 911 (La.1981); State v. Tate, 407 So.2d 1133 (La.1981); Aguilar v. Texas, supra. An allegation of past reliability is not necessarily a sine qua non to sufficiency of probable cause as long as a common sense reading of the affidavit supports the conclusion that the informant is credible and his information is reliable. State v. Clay, 408 So.2d 1295 (La.1982).
Applying these standards here, it is apparent that the affidavit was sufficient to establish probable cause. Our review of the record shows that the affidavit sufficiently described the residence to be searched and gave accurate directions as to its location. Further, the affidavit alleged the following facts:
* * * * * *
"[Confidential Informant] # 51 has been to this residence with [sic] the last five hours and has seen two pounds of marijuana in her living room. Davenport [Duncan] stated she sells marijuana for $40.00 a lid.
* * * * * *
This C.I. has given this department information on other drug dealers that proved to be reliable through information received from other police agencies. The C.I. has taken two officers to eight different locations and pointed out the occupants as drug dealers. These dealers were known to the officers prior to the C.I. pointing them out.
* * * * * *
This C.I. has been known by these officers for six months and he has been found to be truthful and reliable on all information furnished. This C.I. has furnished reliable information on crimes other than drugs; this information was proved to be correct through other police intelligence information."
These facts indicate the underlying circumstances from which the informant concluded that the marijuana was in the Duncan residence. The affidavit recites that the informant had personally observed the drugs "within the last five hours." Because the informant was anonymous, the affiants articulated the basis for their belief that the informant was trustworthy by showing circumstances under which the informant had given reliable information in the past. Specifically, they showed that eight separate identifications by the informant of known drug dealers had been verified through earlier police investigation. Additionally, the affiants bolstered the credibility of the informant by showing that he had given reliable information relating to crimes other than those involving drugs, and that the information given had been verified through other police intelligence information. Therefore, there is no factual basis in the record to support Edward's contention that the four corners of the affidavit fail to establish the reliability of the informant.
*1109 We likewise find no basis to support Edward's contention that the existence of hearsay in the affidavit somehow renders it inadequate to support probable cause. The very essence of the use of an anonymous informant requires that the affidavit contain what the informant told to the affiant, and we have held repeatedly that the facts necessary to show probable cause may be established by hearsay evidence as long as the affidavit recites sufficient facts to show that the informant and his information are reliable. State v. Jeffcoat, 403 So.2d 1227 (La.1981); State v. Stephenson, 387 So.2d 1111 (La.1980); State v. Nelson, 381 So.2d 477 (La.1980). These requirements were satisfied in this case.
Accordingly, these assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 2
Edward contends that the evidence was insufficient to establish an intent to distribute marijuana, the essential element of the crime.
The relevant inquiry on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the essential elements of the crime had been proved. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Moody, 393 So.2d 1212 (La.1981). Intent to commit a particular crime is a question of fact which may be inferred from the circumstances of a transaction. LSA-R.S. 15:445; State v. Willis, 325 So.2d 227 (La. 1975). The amount and form of a controlled substance discovered in the possession of the accused constitute evidence from which a jury may infer an intent to distribute the particular substance. State v. Marks, 337 So.2d 1177 (La.1976); State v. House, 325 So.2d 222 (La.1975); State v. Willis, supra.
There was testimony at trial that the form of the marijuana discovered in the Duncans' residence was consistent with the form of marijuana distributed on the street in individual quantities. Edward Duncan testified that he could make approximately forty cigarettes out of each of the individual bags of marijuana. Therefore, defendants possessed enough marijuana to make up to 1000 cigarettes. In State v. Sibley, 310 So.2d 100 (La.1975), we held that intent to distribute could be inferred from the fact that defendant possessed enough marijuana to make 600 cigarettes. Accordingly, the amount and form of the marijuana possessed by the Duncans were such that any rational trier of fact could have inferred an intent to distribute.
There was testimony at trial that each individual bag could sell for as much as forty dollars on the street, therefore the total street value of the marijuana possessed by the Duncans was about $1,000. Edward Duncan testified that he had earned approximately $5,500 the previous year as a truck driver, and Christine testified that she was not employed at the time the marijuana was purchased. The fact that the street value of the marijuana was approximately one-fifth of the yearly income of the defendants indicates that it was intended for distribution rather than for personal consumption. Edward testified that he had purchased the marijuana for $210, but no evidence was adduced to corroborate the claim other than the self-serving testimony of Christine.
Therefore, after viewing the evidence in the light most favorable to the prosecution and considering the amount, form, and value of the marijuana in the possession of the Duncans, any rational trier of fact could have found beyond a reasonable doubt that the essential element of the crime, intent to distribute, had been proved.
Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Edward argues that the trial court did not comply with the sentencing guidelines of La.C.Cr.P. 894.1 and that the sentence imposed is excessive.
*1110 In sentencing Edward, the trial judge stated that he felt that there was an undue risk that defendant would commit another crime during a suspended sentence or probation and that a lesser sentence would deprecate the seriousness of the offense. The judge noted that Edward was the principal actor and that the activity had been going on for some time prior to the arrest.
Under La.C.Cr.P. 894.1, the trial judge must state the considerations taken into account and the factual basis therefor in imposing sentence. While the trial judge need not articulate every aggravating and mitigating circumstance, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981); State v. Vaughn, 378 So.2d 905 (La.1979); State v. Franks, 373 So.2d 1307 (La.1979). The judge should indicate that he has considered not only the factors militating for incarceration, but also any mitigating factors. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Franks, supra.
In this case the trial judge attempted to comply with the guidelines of La.C. Cr.P. 894.1 by enumerating the aggravating circumstances, but no mitigating factors were mentioned. We do not consider that the record reflects that any of these factors were taken into account, and we cannot subscribe to the finding of the trial judge that the circumstances of the case represent an undue risk that Edward would commit another crime had he been given a less severe sentence without a record more reflective of all relevant factors.
Edward was convicted in 1969 of operating a motor vehicle while intoxicated and forfeited a bond on a 1972 speeding charge. In 1971, Edward had been charged with theft and, in 1975, operating a motor vehicle while intoxicated, but these charges were dismissed. The present offense represents Edward's first felony conviction and was a relatively small-scale operation. Although Edward was not working at the time of his arrest, he has been gainfully employed for most of his adult life. He and Christine have three minor children who reside with them. Under the circumstances of this case, the trial judge might well have imposed a less severe sentence had he considered these mitigating factors.

DECREE
Accordingly, the conviction is affirmed, but the sentence is vacated and this case is remanded to the trial court for compliance with C.Cr.P. Art. 894.1 and for re-sentencing after consideration of the mitigating circumstances.
AFFIRMED; SENTENCE VACATED AND CASE REMANDED TO THE TRIAL COURT FOR RE-SENTENCING.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes, III and David R.M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Marijuana is a Schedule I substance, LSA-R.S. 40:964(C)(22), and defendants should have been charged under LSA-R.S. 40:966(A). LSA-R.S. 40:967 proscribes possession with intent to distribute Schedule II substances. However, when the accused has been fairly informed of the nature of the charge and has not been prejudiced by surprise or lack of notice, technical deficiencies in a bill of information may not be questioned after conviction. State v. Morgan, 389 So.2d 364 (La.1980); State v. Murray, 357 So.2d 1121 (La.1978); State v. Marmillion, 339 So.2d 788 (La. 1976). Our review of the record shows that defendant has not raised the defective information on appeal, and we find that defendant was fairly informed of the charges against him and that he has not been prejudiced.
[2] Christine Duncan testified that the bags were not with the marijuana but were instead stored in a different place. This testimony was obviously intended to lend credence to the Duncans' claim that the marijuana was for personal use only. In direct contradiction, Deputy Melton testified that the bags were in the pan with the marijuana and cash.
[3] Deputy Davidson testified that two packages of cigarette papers were discovered in the bedroom, and two more were discovered in the kitchen. It is not clear from the record whether the two packages discovered in the kitchen were with either of the caches of marijuana. The deputies did seize several ashtrays containing what appeared to be marijuana residue.