STOKER, Judge.
On June 4, 1981, Willie Lee Frazier was charged by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. On December 30, 1982, he pleaded guilty to an amended charge of simple burglary, a violation of LSA-R.S. 14:62, and was sentenced to three years in the custody of the Department of Corrections.
In this appeal, defendant Frazier seeks review of the sentence imposed by the trial judge. In assignments of error one and two he complains that the trial judge did not comply with the guidelines of LSA-C. Cr.P. art. 894.1 in applying and stating for the record the considerations to be taken into account in imposing a sentence. In assignment of error three Frazier complains that his sentence is excessive and constitutes cruel and unusual punishment.
For reasons discussed below, we affirm the decision of the trial judge.
ASSIGNMENTS ONE AND TWO
Frazier complains that in imposing sentence the trial judge either did not consider or did not give proper weight to certain mitigating factors. These are that he is a first felony offender with no previous record, that he is only twenty years old, that he is presently employed, and that he has two children dependent on his support.
The trial judge’s oral reasons for sentence indicate that he was fully aware of the above mitigating factors. However, the trial judge noted that Frazier had not claimed to be supporting any dependents until the time of sentencing. The pre-sentence investigation report indicated that Frazier was living with his grandmother and paying no rent. At sentencing, Frazier said he supported his two illegitimate children and their mother. After questioning Frazier about this matter the trial judge stated:
“It seems that the defendant’s concern about supporting this woman and these children is a late-blooming affair. It seemed to come into full blossom about the time he was about to be sentenced, ‘cause I find no credence to his [claim] to that effect. It’s highly contradictory, to say the least.”
The trial judge noted further that Frazier’s poor employment and school records indicated that he would not be able to successfully complete a probationary term.
In imposing sentence, a trial judge need not articulate every aggravating and mitigating circumstance. It is only necessary that the record reflect that he adequately considered the statutory guidelines. State v. Duncan, 420 So.2d 1105 (La.1982). The record in this case shows that the trial judge gave adequate consideration to the guidelines. He found that Frazier’s attitude toward his dependents was indifferent and not sufficiently genuine to warrant a suspension of sentence. Further, it is clear that he considered Frazier in need of a custodial environment based in part on Fra *1295 zier’s continuing failure to make court appearances and meet with his attorney.
ASSIGNMENT THREE
In his third assignment of error Frazier claims that the three-year sentence imposed was unconstitutionally excessive. We disagree. Although we recognize that Frazier was eligible for probation, the trial judge gave adequate reasons for finding that he would not respond favorably to probationary treatment. The sentence imposed was in the lower range of a possible twelve-year sentence and was within the broad discretion of the trial judge.
DECREE
For the above reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.