# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09- 220**

**STATE OF LOUISIANA**

**VERSUS**

**M ICHAEL WAYNE CATLIN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 46613
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598**
**Counsel for Defendant-Appellant:**
     **Michael Wayne Catlin**

**Laurie Ann Hulin**
**Assistant District Attorney**
**P.O. Box 175**
**Abbeville, LA 70511**
**Counsel for Appellee:**
     **State of Louisiana**

**PAINTER, Judge.**

Defendant, Michael Wayne Catlin, appeals his conviction for aggravated battery. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of July 10, 200t, Defendant was at his mother's house along with his two adult sisters. And argument erupted between Defendant and one of his sisters, Donna Jenkins. The argument escalated, and Defendant physically assaulted Jenkins by grabbing her hair and banging her head into a kitchen cabinet several times.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for error patent on the face of the record. After reviewing the record, we find none.

*Sufficiency of the Evidence*

In his sole assignment of error, Defendant argues that the evidence was insufficient to show that he specifically intended to use a kitchen cabinet as a weapon during scuffle with his sister. Defendant also maintains that his sister was the aggressor in the argument.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of

1

review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Aggravated battery is defined by La.R.S. 14:34 as "a battery committed with a dangerous weapon." A dangerous weapon pursuant to La.R.S. 14:2(3) "includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." Additionally, as noted in *State v. Odom*, 03-1772 (La.App. 1 Cir. 4/2/04), 878 So.2d 582, 589, *writ denied*, 04-1105 (La. 10/8/04), 883 So.2d 1026,

> The dangerousness of an instrumentality because of its use is a factual question for the jury to decide for purposes of a conviction of aggravated battery. *State v. Rainey*, 98-436 (La.App. 5th Cir.11/25/98), 722 So.2d 1097, 1102, *writ denied*, 98-3219 (La.5/7/99), 741 So.2d 28. Aggravated battery requires neither the infliction of serious bodily harm nor the intent to inflict serious injury. Instead, the requisite intent element is general criminal intent. *State v. Brown*, 00-1951 (La.App. 1st Cir.5/11/01), 808 So.2d 622, 623-624.

At trial, Jenkins testified that on July 10, 2006, she lived with and cared for her elderly mother who was also Defendant's mother. Defendant lived next door. That afternoon, Defendant entered the house to speak with their mother who was sitting at the kitchen table. Jenkins stated that although it is difficult to tell when Defendant is sober, he did not appear sober from the way he was talking.

According to Jenkins, Defendant reported that he was thinking about getting a driver's license and that he wanted their father's old car. Jenkins replied, "Are they letting drunks drive now?" Defendant responded by threatening to flatten the tires of their vehicles. Their sister, Patricia Jones, was also present, helping Jenkins care for their mother. Jones heard Defendant and Jenkins arguing so she went to kitchen to see what was going on. Jones testified that when she entered the kitchen,

2

Defendant was still yelling at Jenkins. She stated that she approached Defendant and asked him to leave because it was not good for their mother to hear the arguing. Defendant responded that he was not going to leave. Jones asked him to leave again. According to Jones, Defendant pushed his weight against her, and she was unable to push back. She testified that hit her slamming her head into the corner of a freezer and causing her to see stars. While this altercation was in progress, Jenkins called 911 to report that they needed help.

Jenkins then grabbed Defendant's arm to prevent him from striking Jones again. Defendant grabbed Jenkins by the hair and began banging her head into the kitchen cabinet. According to Jenkins, Defendant banged her head into the cabinet three or four times. Jenkins testified that Defendant also tried to bite her, causing his dental bridge to dislodge and splatter blood on her pants. Lastly, Defendant began banging her head onto the floor and continued to do so until the sheriff arrived. On cross-examination, Jenkins maintained that she did not try to defend herself in any way. She explained that she was just trying to hold onto him to keep him from hitting Jones.

As a result of the altercation, Jenkins suffered from headaches for several days. She also had sore areas on her scalp and areas where her hair was pulled out. The injuries to her scalp were not visible and thus, were not photographed. Jenkins did not seek medical attention because she did not have health insurance. She denied suffering from any scarring or permanent injuries.

On appeal, Defendant conceded that a simple object can become a weapon under La.R.S. 14:33. However, Defendant argues that the presence of a cabinet or counter was essentially the environment where the incident occurred. Defendant asserts that in a situation where two people roll around on the kitchen floor in a fight,

3

one cannot ascribe dangerous characteristics to the environment and simply find that contact with the environment constitutes aggravated battery. Defendant contends that the element of dangerousness is missing, especially when Jones testified that Jenkins' head hit the cabinet two times.

Defendant does not, however, refer to any testimony that suggests that he and Jenkins were rolling around on the floor and that, as a result, she hit her head on a cabinet. In fact, Jenkins and Jones both testified that Defendant took the victim by the hair and banged her head into a cabinet at least two time, which supports the conclusion that Defendant used the cabinet as a weapon in a way likely to cause severe injury.

Finally, Defendant argues that Jenkins was the first to use physical force, and that, as a result, the aggressor doctrine bars this court from finding him guilty of aggravated battery. Defendant does not, however, point to any evidence in the report to support his claim. After reviewing the record, we find no evidence suggesting that Jenkins was the first to use physical force.

Considering the facts adduced at trial, the evidence was sufficient to show that a dangerous weapon was used. Although Jenkins did not sustain serious injuries, the infliction of serious bodily harm is not an element of aggravated battery. Accordingly, the jury's factual determination was not erroneous and will not be disturbed on appeal.

## CONCLUSION

For these reasons, Defendant's conviction is affirmed.

**AFFIRMED.**