# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1315


**STATE OF LOUISIANA**

**VERSUS**

**STEVEN REINHOLT**


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5318-07
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**James E. Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
    **Steven Reinholt**

**John F. DeRosier**
**District Attorney**
**Cynthia Killingsworth**
**First Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**Counsel for Appellee:**
  **State of Louisiana**

**Carla S. Sigler**
**Assistant District Attorney**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**Counsel for Appellee:**
  **State of Louisiana**

**DECUIR, Judge.**

Defendant, Steven Reinholt, was convicted on three counts of aggravated rape, in violation of La.R.S. 14:42. The trial court sentenced him to three concurrent life terms to be served without benefit of parole, probation, or suspension of sentence. Defendant now appeals, arguing the evidence was insufficient to support his convictions.

**FACTS**

Defendant was a friend of the twelve-year-old victim's mother, all of whom were residents of Vinton, Louisiana. One day during the summer of 2005, the victim, C.P., was at Defendant's residence because the boy's mother was at work.[1] C.P. was lying on the couch watching television, and Defendant approached him and began rubbing his penis. Defendant then disrobed himself and the boy and sat on the victim's penis and began moving up and down. A similar incident occurred on a different date. On a third occasion that summer, Defendant put the boy's penis in his mouth.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, Defendant claims the evidence adduced at trial was insufficient to support his convictions for two of the counts against him, i.e., the ones that alleged anal rape. His assignment does not discuss the act of oral sex that he performed. He argues the rape statute does not proscribe his behavior regarding anal sex, as he is the person who was penetrated.

When trial evidence is alleged to be insufficient, the analysis is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

---

[1]Initials are being used to protect the victim's identity, pursuant to La.R.S. 46:1844(W).

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant does not contest the facts of the case, thus his argument relies purely upon legal interpretation.

Defendant received three convictions for aggravated rape, which is defined by La.R.S. 14:42. As it did in 2005, the statute states, in pertinent part:

A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

. . . .

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

The record shows that the victim was born on March 5, 1993. Therefore, when the offense occurred during the summer of 2005 he was twelve years old.

Rape is defined by La.R.S. 14:41, which had the same form in 2005:

A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.

B. Emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime.

After citing the text of the two foregoing statutes, Defendant argues their language shows that the proscribed act of penetration must be performed by an offender on a victim. In this case, as already noted, the victim penetrated Defendant. He contends that reading the statutes to include an offender who is the person penetrated would be illogical. Specifically, he posits that such a reading would make "it illegal for anyone over the age of sixty-five to have sex, because that person [could not] give lawful consent to *penetrate or be penetrated by anyone*." This argument is incorrect. Pursuant to La.R.S. 14:41(A), rape is a non-consensual sex act. In La.R.S. 14:42(A), aggravated rape is non-consensual sex with a person aged sixty-five or older. If the person consents, it is not rape at all, regardless of who performs penetration.

We have no case addressing Defendant's penetration argument, but a logical argument can be made from the text of the relevant statutes. Reading La.R.S. 14:41 and La.R.S. 14:42 together in regard to anal sex reveals that the core proscription is against non-consensual intercourse.[2] The term "intercourse" in this context clearly means "sexual relations," which would encompass the actions of both parties. This point is illustrated by the Criminal Code's treatment of consensual anal intercourse.

In 2005, consensual anal intercourse was prohibited by La.R.S. 14:89(A)(1) (emphasis added), which stated:

> A. Crime against nature is:
>
> (1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual *intercourse* between two human beings shall not be deemed as a crime against nature when done under any of the circumstances

---

[2]In the context of La.R.S. 14:42, consent may be vitiated due to violence by an offender or a victim's lack of mental capacity to consent. The present case falls into the latter category, pursuant to La.R.S. 14:42(A)(4).

3

described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, *the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime*.

Thus, in consensual situations, both the person penetrating and the person being penetrated were statutorily subject to punishment. When one party does not consent, or consent is vitiated, the act is anal rape. Reading La.R.S. 14:41 and La.R.S. 14:42 in conjunction with La.R.S. 14:89, we conclude that non-consensual anal intercourse is anal rape, regardless of whether the offender penetrates the victim or manipulates the victim into penetrating the offender. Defendant's sole assignment of error lacks merit.

## DECREE

For the foregoing reasons, Defendant's convictions are affirmed.

**AFFIRMED.**