NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-978

STATE OF LOUISIANA

VERSUS

MICHAEL JARVIS THOMAS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 10-239648
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Hon. J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR PLAINTIFF APPELLEE:
        State of Louisiana

Angela B. Odinet
Assistant DA
307 Church Street
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR PLAINTIFF APPELLEE:
    State of Louisiana

Douglas Lee Harville
Louisiana Appellate Project
400 Travis St., Suite 1702
Shreveport, LA 71101
(318) 222-1700
COUNSEL FOR DEFENDANT APPELLANT:
    Michael Jarvis Thomas

Michael Jarvis Thomas
Hickory - 1
Louisiana State Prison
Angola, LA 70712
COUNSEL FOR DEFENDANT APPELLANT:
    Michael Jarvis Thomas

**SAUNDERS, Judge.**

On November 23, 2010, a St. Martin Parish Grand Jury indicted Defendant, Michael Jarvis Thomas, for aggravated rape, a violation of La.R.S.14:42. Jury selection began on March 18, 2013. The jury began hearing evidence on March 20, but a mistrial was granted on the same date. The parties began selection of a new jury on May 21; said jury began hearing evidence on May 22 and found Defendant guilty as charged.

On May 30, 2013, the trial court sentenced Defendant to life in prison without benefit of parole, probation, or suspension of sentence. Defendant now seeks review by this court, assigning a single error.

## FACTS:

In the early 1980s, Defendant had non-consensual sexual intercourse with the victim, C.T.[1] At the time, he was an adult, and she was ten years old.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that the court minutes of sentencing require correction.

Although the sentencing transcript indicates that the trial court imposed Defendant's life sentence at hard labor, the court minutes of sentencing do not reflect this. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, we must remand the matter to the trial court with instructions to correct the court minutes to reflect Defendant's life sentence is to be served at hard labor.

---

[1]Initials of the victim are used to protect her identity as required by La.R.S. 46:1844(W).

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, Defendant argues that the evidence adduced against him at trial was insufficient to sustain the conviction. We do not agree.

The general analysis for such a claim is settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant asserts that the victim's "testimony simply was not credible enough to support a guilty verdict beyond a reasonable doubt." However, he does not state why C.T.'s testimony lacks credibility. Rather, he makes reference to her testimony that she reported the rape to two relatives, and neither of those relatives testified at trial. Defendant seems to imply that their absence casts doubt upon her truthfulness. He also notes that he presented alibi witnesses who testified that he did not stay overnight at the house where the offense occurred. As stated in *Kennerson*, appellate courts do not second-guess the credibility determinations made by juries.

Further, this court has stated: "[t]his court will overturn a jury's credibility assessment only when a witness' own testimony demonstrates that the witness' ability to perceive events was impaired in some way. *See, e.g., State v. Bourque*,

2

94-291 (La.App. 3 Cir. 11/2/94), 649 So.2d 670, wherein one eyewitness had consumed a large amount of alcohol before the offense and the other was a minor who believed all white men looked alike, and the defendant was white. *State v. Hypolite* 04-1658, p. 5 (La.App. 3 Cir. 6/1/05), 903 So.2d 1275, 1279, *writ denied*, 06-618 (La. 9/22/06), 937 So.2d 381. Neither Defendant's brief nor the record indicates that the victim was unable to properly perceive the relevant events at the time they occurred. Accordingly, the assignment lacks merit.

## DECREE:

The conviction of Defendant, Michael Jarvis Thomas, is affirmed. We remand the matter to the trial court with instructions to correct the court minutes to reflect Defendant's life sentence is to be served at hard labor.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION PER Uniform Rules– Courts of Appeal, Rule 2–16.3.