PER CURIAM:
Granted. The district court erred in denying defendant's motion to suppress despite finding that the officers failed to articulate probable cause in their search warrant application to subpoena defendant's medical records. A search warrant application must contain within its four corners the facts establishing the existence of probable cause. State v. Duncan , 420 So.2d 1105 (La.1982). Louisiana Code of Evidence article 510 is not an exception to the warrant requirement; rather, it is an exception to the admissibility protections of that evidence after lawful seizure. The *293 evidence in this matter was not lawfully seized; thus, Article 510 does not apply.
The trial court's ruling on defendant's motion to suppress is therefore vacated, defendant's motion to suppress is granted, and this case is remanded to the district court for further proceedings consistent with the views expressed herein.
GUIDRY, J., would deny.
CLARK, J., would deny.
CRICHTON, J., would deny and assigns reasons.
Crichton, J., dissents and would deny the writ.
I would deny the defendant's writ. In my view, the good faith exception is clearly applicable and the trial court did not abuse his "great discretion" in ruling on this motion to suppress. See State v. Coleman , 14-0402, p.18 (La. 2/26/16), 188 So.3d 174, 192.