# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-477

**STATE OF LOUISIANA**

**VERSUS**

**L.C. CHANEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 94460-AM-2
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Honorable Terry Wayne Lambright**
**District Attorney**
**William R. Thornton**
**Assistant District Attorney**
**Thirtieth Judicial District Court**
**Post Office Box 1188**
**Leesville, Louisiana 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Jane L. Beebe**
**Louisiana Appellate Project**
**Post Office Box 463**
**Addis, Louisiana 70710-0463**
**(504) 263-8081**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **L.C. Chaney**

**SAVOIE, Judge.**

In 2019, the State filed a bill of information charging Defendant L.C. Chaney with molestation of a juvenile, in violation of La.R.S. 14:81.2. The State filed amended bills on March 9, 2020, and again on May 4, 2021. The amended bills also charged Defendant pursuant to La.R.S. 14:81.2. The parties began selecting a jury on May 10, 2021, and completed selection the next day. The jury heard evidence on May 12-13, 2021. The jury found Defendant guilty as charged.

The trial court denied Defendant's motion for new trial on June 15, 2021; on the same date, it sentenced him to twenty-five years at hard labor. Defendant now appeals, assigning two errors. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS

Victim A.B. is a resident of Vernon Parish.[1] During a church mission trip to Alabama in June 2019, the attendees shared life experiences in group discussions. During one of these sessions, A.B. told other attendees that she had been sexually abused. An adult supervisor, who was also one of A.B.'s teachers, questioned the girl after the session and learned that the abuse had not been reported to law enforcement. Upon the group's return to Louisiana, the teacher reported the matter to the Vernon Parish Sheriff's Office. In the subsequent investigation, detectives spoke to both the victim and Defendant, who is her step-great-grandfather. After multiple denials, he ultimately confessed to inserting his finger into A.B.'s vagina.

At the time of the trial, the victim was eighteen years old. She testified that when she was approximately ten years old, she lived in Anacoco with her grandparents. During this time, she would go to Defendant's nearby home every

---

[1] The victim's initials are used in accordance with La.R.S. 46:1844(W).

day. While watching movies with him on the couch, she would have her feet in his lap, and he would rub them. At some point, he began rubbing further up her legs; eventually he began rubbing her vaginal area over her clothes; finally, he began putting his hand under her clothes and inserting his finger into her vagina. There were about twenty instances of this conduct. There was also an incident in which Defendant pulled her onto his lap and tried to kiss her on the mouth, but she was able to push away and leave. The victim stated she was too young to understand what was going on, and Defendant told her not to tell anyone. When she was eleven, she started having her period and the abuse stopped. A.B. also stated that her great-grandmother was nearby during a couple of the incidents, but she was asleep in a recliner. If she started to wake up, or at times she might be approaching from another room, Defendant would quickly move his hand.

Once, when she was still ten, A.B. told her grandmother that Defendant had "touched [her] butt," but her grandmother seemed to think the victim just meant that he had spanked her. In March 2019, she had a sonogram due to possible gallbladder issues and expressed concern to her mother regarding possible damage to her vaginal area, but she did not go into any detail. The victim also testified that one of the reasons she did not seek help more actively is that she feared "our families would be just destroyed and that happened after I came out. A lot of my worst fears happened when I actually told." She explained that she had to live in foster care for three months in another parish.

Detective Jerry Twyman of the Vernon Parish Sheriff's Office testified that the offense was first reported by A.B.'s teacher. The victim came in to talk to detectives but talked to a female detective instead of Twyman. Detective Twyman and another detective, David Vance, alternated speaking to Defendant, who

2

initially denied the offense, multiple times. However, he eventually confessed to David Vance. The interview, including the confession, was recorded on a disc that the parties played for the jury.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that the evidence adduced at trial was insufficient to support his conviction for molestation of a juvenile. The standard of review for a sufficiency claim is well-established:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

As Defendant notes, molestation of a juvenile is defined by La.R.S. 14:81.2, which states in pertinent part:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an

age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Paragraph (D) of the statute sets forth a separate penalty range when the victim is under thirteen years of age, but Defendant does not contest the evidence regarding the victim's age.

Defendant complains that the conviction was based solely upon the victim's allegations. This statement is incorrect. Defendant confessed to a detective that he inserted his fingers into the victim's vagina. Thus, Defendant's statement corroborated the victim's allegation. He also complains that the lack of specific dates or other details made it difficult for him to provide an alibi. However, during the police interrogation, Defendant seemed to understand the time period at issue.

Defendant's wife, Gail Chaney, was a potential witness on his behalf. Mrs. Chaney was in the hospital during the trial, but the parties agreed to admit her affidavit. In the document, she stated that she was present whenever the victim visited the house, and she did not see the illegal behavior at issue. This corroborates the victim's testimony that Mrs. Chaney was nearby when the molestations occurred; however, the older woman was either asleep in the same room or out of the room during the offenses.

Defendant also argues that he was manipulated into confessing to the crime. This argument does not address sufficiency under the standard discussed in *Kennerson*. A sufficiency review does not address the method used to obtain the evidence at issue, as the review may include even inadmissible evidence. *State v.*

4

*Hearold*, 603 So.2d 731 (La.1992).[2] Defendant now claims that he confessed simply so he could get home. Defendant gave a fairly detailed confession in which he admitted to inserting his finger into the victim's vagina and stated that she asked him to do so and pulled his hand toward her. He also claimed that she appeared to enjoy it. Further, Defendant stated the actions occurred beneath a blanket.

Defendant's argument is an attack on the weight and credibility of the evidence, but such matters are within the province of the jury. As stated in *Kennerson*, it is not the appellate court's role to second-guess the factfinder's assessment of weight and credibility. Also, Defendant does not point toward any particular discrepancy in the victim's testimony.

For the reasons discussed, this assignment of error lacks merit.

### ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant argues that the trial court impaired his right to present a defense by preventing him from introducing a pillow that had a message from the victim written on it. The hospital gave the pillow to Defendant after heart surgery. Defendant states that the message on the pillow contradicted the victim's trial testimony. As the State points out, he does not reveal what the message was, and he did not do so at trial. After the court ruled the pillow inadmissible as not being timely-disclosed pursuant to discovery, Defendant did not proffer the pillow.

Defendant was allowed to ask the victim about the pillow but was not allowed to ask her about any message on it. Again, Defendant did not make a proffer. As the State suggests in its brief, it is not possible to analyze Defendant's

---

[2] Defendant acknowledges that he did not file a motion to suppress the confession.

argument regarding his right to present a defense or to assess the trial court's discovery ruling, without knowing what the message on the pillow said.

For the forgoing reasons, we find this assignment of error lacks merit.

## DECREE

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**