## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-690

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH HARDY**
**A/K/A KENNETH DEWAYNE HARDY, SR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 32453
HONORABLE DESIREE DYESS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**GARY J. ORTEGO**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Gary J. Ortego, Judges.

**AFFIRMED.**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**600 Jefferson Street, Suite 903**
**Lafayette, LA 70501**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kenneth Hardy**
    **A/K/A Kenneth Dewayne Hardy, Sr.**

**Billy J. Harrington**
**District Attorney**
**Tenth Judicial District Court**
**Cloyd Benjamin**
**Assistant District Attorney**
**P. O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**ORTEGO, Judge.**

Kenneth Hardy, a/k/a Kenneth Dewayne Hardy, Sr., ("Defendant") appeals his conviction for simple escape from the Natchitoches Parish Detention Center. For the following reasons, Defendant's conviction and habitual offender adjudication, as well as his sentence, are affirmed.

## PROCEDURAL HISTORY

On July 15, 2022, Defendant was charged by bill of information with one count of attempted simple escape, in violation of La.R.S. 14:27 and 14:110. On December 14, 2022, an amended bill of information was filed, charging Defendant with simple escape, in violation of La.R.S. 14:110. At the trial, a stipulation was entered that on June 12, 2022 Defendant "was lawfully detained pursuant to lawful charges." On March 28, 2023, Defendant was found guilty as charged by a unanimous six-person jury.

On April 27, 2023, Defendant filed a "Motion for New Trial" that contended "[t]he verdict [wa]s contrary to the law and the evidence." That motion was denied the same day. On April 27, 2023, Defendant also filed a "Motion for Post Verdict Judgment of Acquittal" contending the State failed to prove he committed simple escape because he "never escaped from the prison," and his actions were a prank to draw attention to his desire for medical treatment. The trial court denied that motion.

On April 28, 2023, following a hearing, the trial court sentenced Defendant to the maximum five-year sentence at hard labor. On September 13, 2023, the State filed a "Habitual Offender Bill of Information" charging that Defendant is a fourth-felony offender. On February 21, 2024, following a hearing, the trial court found Defendant to be a fourth felony offender, vacated Defendant's five-year sentence, and imposed a sentence of twenty years at hard labor, without benefit of probation or suspension of sentence pursuant to La.R.S. 15:529.1(D)(3).

Defendant now appeals his conviction and sentence, contending that "[t]he trial court erred in denying the Defense's objection to the jury instruction for simple escape, as the instruction too narrowly defined the designated area of the place of confinement." As a result, Defendant alleges he was wrongfully convicted of simple escape, as opposed to attempted simple escape. For the reasons that follow, we reject Defendant's arguments and affirm his conviction and sentence.

## FACTS

After being booked into the Natchitoches Parish Detention Center, and while being escorted and crossing in the fenced-in "sally port" area of the detention center, Defendant broke away from the guards. He then scaled the fence in the "sally port" area, and, after getting caught in and freeing himself from the razor wire at the top of the fence, he ran towards the detention center's perimeter fence. However, Defendant was apprehended before he reached the perimeter fence of the detention center.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

Defendant presents one assignment of error:

1. The trial court erred in denying the Defense's objection to the jury instruction for simple escape. The instruction too narrowly defined the designated area of the place of confinement. As a result, Kenneth Hardy was wrongfully convicted of simple escape, as opposed to attempted simple escape.

## STANDARD OF REVIEW

The analysis for insufficient evidence claims is well-settled:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Additionally, as this court stated in *State v. McMillan*, 02-181, p. 6 (La.App. 3 Cir. 6/12/02), 819 So. 2d 503, 507:

A conviction will not be reversed on the ground of an erroneous jury charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. *State v. Motton,* 395 So.2d 1337 (La.1981), *cert. denied,* 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981).

## LAW AND DISCUSSION

*Defendant's position*

Defendant presents a single assignment of error in which he contends that the trial court erroneously denied his objection to jury instructions which indicated Defendant could be found guilty of simple escape based on his departure from the "sally port" area of the detention center. Defendant argues that if this appellate court agrees the trial court erred in denying his objection, then this court should conduct a sufficiency analysis under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), finding that Defendant failed to escape from the detention center, and thus, he should have been convicted of the responsive verdict of attempted simple escape.

3

Essentially, Defendant argues that the trial court erred in denying Defendant's objection to the jury instruction for a simple escape. Defendant contends the instruction given to the jury was too specific and narrowly focused on the escape from one portion of the detention center (i.e., the "sally port" area), as Defendant ultimately did not escape from the grounds of the detention center. Defendant argues that if the trial court had given the proper jury instruction regarding what simple escape entails, there would have been insufficient evidence to prove Defendant was guilty of simple escape in this case. Defendant further argues that the trial court's error was not harmless, as it lowered the State's burden of proof and substantially changed what would have been the outcome if the more general instruction had been issued, i.e., that he never left the grounds of the detention center. At best, Defendant argues the evidence proved he was guilty of the lesser charge of attempted simple escape.

*State's position*

The State argues that Defendant seeks to minimize the clear pronouncement under La.R.S. 14:110, which defines simple escape. The State contends that the evidence more than sufficiently demonstrated that Defendant intentionally departed from a place where he was detained and legally confined.

The State notes that it is undisputed that Defendant was legally detained because there was a warrant for previous charges, and the parties stipulated that on June 12, 2022, Defendant "was lawfully detained pursuant to lawful charges." The state notes that Defendant took the witness stand and admitted that he was arrested pursuant to a warrant for drug charges. Additionally, the State notes that Defendant testified that he ran from the designated area and escaped because he was seeking medical treatment that he was denied at the detention center.

4

## ANALYSIS

*A. Jury Instructions:*

Defendant contests the jury instructions which were provided by the trial court to the jury, specifically the following pertinent parts of that instruction:

> Simple Escape is the intentional departure of a person imprisoned, committed, or detained from the designated place where he is legally confined.

> Thus, in order to convict the defendant of simple escape, you must find:

> 1. That the defendant intentionally departed from the sally port of the Natchitoches Parish Detention Center, and

> 2. That the sally port was the designated area of the Natchitoches Parish Center where the defendant was at the time of his intentional departure lawfully imprisoned or detained.

Defendant contends the jury instruction should have been more broadly defined to state that he intentionally departed from the Natchitoches Parish Detention Center because including the language about the "sally port" area "substantially lowered the burden of proof the State was required to meet."

Louisiana Revised Statutes 14:110(A)(1) specifically defines simple escape as:

> The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, **from a *designated area* of a place where such person is legally confined**, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections. (emphasis added).

The statute explicitly allows the State to charge simple escape when an individual departs "*from a designated area*." Here, the Defendant was charged with departing from the "sally port" area of the detention center, which is a fenced-in interior portion and designated area of the detention center.

5

As to this issue, we first note that a review of the record shows that Defendant fails to cite any law or jurisprudence to support his claim that the jury instruction should not have specified a particular area of the detention center where his escape occurred.

Additionally, our review of the jurisprudence shows the supreme court case of *State v. Gaines*, 372 So.2d 552 (La.1978), is instructive and provides us with guidance in our review. In *Gaines*, the supreme court dealt with a defendant who, while working in an okra patch at the Louisiana State Penitentiary, ran from the patch while the security guard in charge was at the opposite end of the patch, and he then swam across Lake Killarney, which is still within the grounds of the Louisiana State Penitentiary. The defendant was subsequently apprehended, roughly two hours later, as he emerged from the lake on the opposite shore from the okra patch. The defendant successfully argued to the court that La.R.S. 14:110 required "proof of departure from lawful custody [a]nd departure from a place of confinement." *Id*. at 554. The court agreed, noting that, "'(A)ny place where . . . legally confined,' as used in La.R.S. 14:110(A) must be construed as a place where the individual is actually confined, i. e., restrained by physical barriers sufficient to prevent him from going at large." *Id*. at 555.[1] The court then found:

> Applying this definition we conclude that there is no evidence in the record of this case to support a finding that the defendant departed from a "place of confinement" within the meaning of the escape statute. The record indicates that the okra patch was surrounded by a four strand barbed wire fence designed to keep cattle out and not prisoners in; no other natural or man-made barriers separated the okra patch from the rest of the Angola complex. Accordingly, the defendant was not physically restrained or actually confined within the okra patch and his departure therefrom could amount to no more than an attempt to escape.

*Id*.

---

[1] We note that the specific language adding "from a designated area" was added after the supreme court's opinion in *Gaines*. (1981 La.Acts No. 719, § 1.)

Unlike the individual in *Gaines*, who fled from an open "okra patch," Defendant, after booking, processing, and being lawfully detained, was walking inside a "place of confinement," i.e., the "sally port" area of the detention center. The evidence shows that this "sally port" area was surrounded by a chain-link fence topped with razor-wire, thus showing that Defendant was in "a place where the individual is actually confined, i. e., restrained by physical barriers sufficient to prevent him from going at large." *Gaines*, 372 So.2d, at 555. Further, and as stated hereinabove, a stipulation was entered by the parties that on June 12, 2022, Defendant "was lawfully detained pursuant to lawful charges," thus showing Defendant was also "a person legally confined." Therefore, we find the jury instructions provided by the trial court were proper, pursuant to La. R.S. 14:110, and were not too specific or too narrowly focused.

In short, Defendant's argument asks this court to ignore the plain wording of the statute which defines simple escape as a departure "from a designated area of a place where such [a] person is legally confined." Given the plain wording of La.R.S. 14:110, we find that the jury instructions were proper, as was the trial court's denial of Defendant's objection.

Therefore, this assignment of error is without merit.

*B. Sufficiency of Evidence:*

Finally, we note that Defendant's claim of lack of sufficiency of evidence for his conviction is dependent on this court finding the jury instructions were improperly specific. Defendant specifically argues that if the trial court had given the proper jury instruction regarding what simple escape entails, there would have been insufficient evidence to prove Defendant was guilty of simple escape in this case.

7

As we find there was no error in the jury instructions, and in the trial court's denial of Defendant's objection, Defendant's complaint about the sufficiency of the State's evidence is rendered moot.

Nevertheless, and as to the merits, we find the evidence, as outlined above, along with Defendant's own testimony, shows that the State presented more than sufficient evidence to prove that while being "lawfully detained," Defendant did break away from the guards, and as further shown by the State's uncontested video footage, that he then, in fact, escaped from this "place of confinement" area by climbing over the fence and out of the "sally port" area of the detention center. Thus, viewing the evidence in the light most favorable to the prosecution, we find the evidence sufficient for any rational trier of fact, here the jury, to find Defendant guilty of escape pursuant La. R.S. 14:110.

Therefore, we find this assignment of error is without merit.

## DECREE

For the foregoing reasons, Defendant's conviction and habitual offender adjudication, as well as his sentence, are affirmed.

**AFFIRMED.**